UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER DANIELS

    Plaintiff,
v.                                                                                           CASE NO.:

MONTGOMERY'S CARPETSPLUS, INC., and
MICHAEL MONTGOMERY, Individually and
MARK MONTGOMERY, Individually

    Defendants.                                /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, CHRISTOPHER DANIELS, hereafter referred to as "Plaintiff", by and through his undersigned counsel, herein sues Defendants, MONTGOMERY'S CARPETPLUS, INC. (hereafter "COMPANY"), MICHAEL MONTGOMERY, Individually, and MARK MONTGOMERY, Individually (hereafter collectively referred to as "Defendants"); pursuant to Federal Statute 29 U.S.C. 216 of the Fair Labor Standards Act (hereafter the "FLSA") and Fla. Stat. §448.08 for breach of a Florida contract and states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.     This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 216(b) and §217 because this action involves a federal question under the Fair Labor Standards Act.

1

2.  This Court has original and personal jurisdiction over this action because the Defendants are engaged in business within the State of Florida, and the actions complained of occurred in Florida.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the breach of contract claim arising under state law because this claim is so related to the federal claims that it forms part of the same case or controversy.

4.  Venue is appropriate in the Tampa Division of the Middle District of Florida pursuant to 28 U.S.C. §1391(b) because the acts complained of by the Plaintiff occurred in Sarasota at the Defendants' store located at 825 E. Venice Avenue, Venice, Florida.

5.  Defendant COMPANY is a Florida Corporation with its principal place of business located at 825 E. Venice Avenue, Venice, Florida.

6.  Defendant COMPANY is an Employer subject to the Fair Labor Standards Act, as it is engaged in the transaction of interstate business and/or has revenues which exceed $500,000 annually.

7.  At all times Defendant COMPANY has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA 29 U.S.C. §§ 206(a) and 207(a).

8.  Defendant MICHAEL MONTGOMERY is an employer within the meaning of the Fair Labor Standards Act, as he regularly directs and supervises the work of Plaintiff and controls his job duties and functions and the hours he works.

9. Defendant MARK MONTGOMERY is an employer within the meaning of the Fair Labor Standards Act, as he regularly directs and supervises the work of Plaintiff and controls his job duties and functions and the hours he works.

10. At all times relevant to this action, Plaintiff was a "person" and an "employee" within the meaning of §§ 203(a) and 203(e)(1), respectively, of the FLSA.

## GENERAL ALLEGATIONS

11. Plaintiff was employed with Defendants as a manager of the carpet cleaning division of the COMPANY.

12. Plaintiff entered into a contract with Defendants. Hereby attached as *Exhibit 1*.

13. The contract provided for:

    a. Employment with Defendants for a period of one year;

    b. Wages at $17.50 per hour, with a 40-hour per week minimum guarantee; and

    c. Ten percent (10%) profit of the division.

14. Plaintiff's actual duties and responsibilities included scheduling jobs, driving to the customers, cleaning the customers' carpet, ordering cleaning supplies and keeping the work van clean.

15. At no time did Plaintiff supervise two or more full-time employees.

16. Plaintiff was restricted in the manner in which he could schedule the jobs.

17. Plaintiff's job duties were routine and mundane, and did not involve the exercise of significant discretion on matters of importance to the management of the company's business.

18. Plaintiff's position did not require a specialized skill, education, or a college degree.

19. Plaintiff was paid hourly.

20. Payroll records indicate that Plaintiff was paid for some of the overtime he worked.

21. Plaintiff does not qualify as an exempt employee as per 29 C.F.R. §541.600.

22. Defendants regularly carried overtime hours into the following week in order to avoid paying overtime.

23. Plaintiff routinely worked over a forty (40) hour workweek.

24. Plaintiff was not paid for all of his time spent working over forty (40) hours per week.

25. Plaintiff was terminated on or about April 5, 2013, in violation of his contract with COMPANY.

26. Plaintiff did not receive profits due of the carpet cleaning division.

## COUNT I

## CLAIM FOR OVERTIME WAGES PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. SECTION§ 207

27. Plaintiff readopts and realleges the allegations set forth in paragraphs one (1) through twenty-six (26) as fully set forth herein.

28. Plaintiff's position and/or pay was subject to the FLSA wage provisions.

29. Plaintiff regularly and routinely worked in excess of forty (40) hours each week without being compensated for overtime hours in violation of the Fair Labor Standards Act.

30. Plaintiff did not exercise the requisite discretion, management, and independent judgment with respect to matters of significance.

31. The method in which Plaintiff was paid did not satisfy the exemption requirement.

32. Plaintiff is entitled to unpaid overtime wages at a rate of time and a half (1.5), as required by 29 U.S.C. §207 and damages and relief under 29 U.S.C. §216(b), including double the wages owed as liquidated damages.

33. Plaintiff is not an exempt employee under any of the exemptions in the Fair Labor Standards act.

34. Defendants willfully misclassified Plaintiff as an exempt employee to avoid compensating him time and a half for hours worked in excess of forty (40) hours per workweek.

35. Defendants were, or should have been, aware of the FLSA overtime rate calculations, its provisions and exemptions, and knew, or should have known, that withholding wages from Plaintiff constituted a willful violation of the FLSA.

36. Therefore, Defendants willfully and intentionally engaged in a pattern and practice of violating the ove1iime provisions of the FLSA by refusing to pay overtime to Plaintiff for all hours worked in excess of forty (40) per week.

37. As a direct result of Defendants' violations of the FLSA, Plaintiff suffered damages by being denied overtime wages in accordance with §207 and §216(b) of the FLSA.

38. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

WHEREFORE, Plaintiff DANIEL O'CONNOR, demands judgment against Defendants for all overtime hours worked at the correct overtime wage rate of 1.5 times his hourly rate, plus an equal sum in liquidated damages, pre-judgment interest, and attorney's fees and costs of the litigation pursuant to Section 29 U.S. C. 216(b), and such other and further relief that the Court deems just and proper.

## COUNT II

## BREACH OF CONTRACT

39. Plaintiff readopts and realleges the allegations set forth in paragraphs one (1) through twenty-six (26) as fully set forth herein.

40. DEFENDANTS entered into a one-year contract with PLAINTIFF.

41. DEFENDANTS breached the contract in terminating PLAINTIFF's employment prior to the one-year commitment.

42. DEFENDANTS breached the contract in not paying PLAINTIFF the agreed-upon commission.

43. As a result of DEFENDANTS' breaches, PLAINTIFF has incurred damages.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANTS for damages, including loss of wages in the form of unpaid commissions, together with interest, court costs, attorneys' fees and costs in accordance with Section 448.08, Florida Statutes, and for any and all other and further relief this Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint and on all other issues so triable.

Dated this 3rd day of June, 2013.

                                                          Respectfully submitted by,
/s/    Helena P. Downyok
Helena P. Downyok, Esq.
Florida Bar #: 0043185
P.J. Downyok, Esq.
Florida Bar #: 015984
Downyok Law Firm, P.A.
1990 Main Street, Suite 750
Sarasota, FL  34236
Telephone: 941-363-1477
Facsimile: 941-866-2664
Email: hdownyok@downyok.com
Attorneys for Plaintiff

**Montgomery's Carpets*Plus* ColorTile**
825 East Venice Avenue
Venice, Florida 34285
Phone: 941-488-1810  Fax: 941-486-8426

This agreement between Montgomery's CarpetPlus Inc. and Christopher Brian Daniels shall consist of the following:

From the date of hire thru one calendar year Christopher Brian Daniels will be paid $17.50 an hour with a 40 hour per week guarantee to manage the carpet cleaning division and all duties associated with this division. Including but not limited to: Scheduling jobs, driving and maintaining the cleaning van, and all equipment, ordering and maintaining inventory, hiring, supervising and training additional technicians as needed and basically growing and developing the cleaning division.

Additionally, Christopher Brian Daniels will be paid a monthly commission of 10% of the profit for this division. The profit is to be determined by the total income less total expenses. In the event the cleaning division shows a loss for any monthly period, there will be no penalty if this occurs. The loss would be carried forward to the next month's commission and deducted. In no instance would the base pay of $17.50 be reduced.

A non-compete clause prohibiting Christopher Brian Daniels from engaging in the cleaning business for himself in any manner for 1 year after leaving Montgomery's CarpetsPlus Inc. shall be in effect in Sarasota, Charlotte and Manatee counties In Florida. The exception to this non-compete would be the discussed accounts of: Perkin's, Tire's Plus, Jimmy's Mediterranean Grill, Elana's and Leslie Pools.

Signed: _Chris D_____

Date: _12-14-12_____

Signed: _M. Martyn_____

Date: _12-14-12_____